UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IRVIN S. HUDSON, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| VS. ) | CAUSE NO. 3:12-CV-384-RLM |
| ) | ARISING OUT OF 3:09-CR-53-RLM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| RESPONDENT. ) | |

OPINION and ORDER

Irvin S. Hudson pleaded guilty to one count of being a felon in possession of a firearm (in violation of 18 U.S.C. § 922(g)(1)) and one count of possession of stolen firearms (in violation of 18 U.S.C. § 922(j)). He entered this plea without a plea agreement, the court accepted it, and the court sentenced Mr. Hudson to 72 months on each of the counts to be served concurrently. Mr. Hudson has filed a motion under 28 U.S.C. § 2255 challenging how the court calculated his sentencing guidelines range.

Mr. Hudson stole four firearms one day and then sold them the next day to an acquaintance for $40. The federal charges – possessing these firearms as a felon and selling stolen firearms – reflected just his "day two" activity. A separate state court case, which proceeded after the federal case, addressed the "day one" incident, that is, the original theft of the firearms. This court handed down Mr. Hudson's sentence before hearing whether Mr. Hudson was convicted in Cass County, Indiana of the theft and before that court decided its

sentence. As part of the guidelines calculation, and in addition to other guidelines calculations, the court added four levels to the base offense level because Mr. Hudson possessed the weapons in connection with another felony offense, U.S.S.G. § 2K2.1(b)(6) (2008 edition), and two more levels because the firearms were stolen, § 2K2.1(b)(4)(A). Mr. Hudson now asserts that this was an error; he says that because he was separately punished for the theft in state court and because the federal sentence doesn't take the then-future state sentence into account (for instance, by allowing the sentences to be served concurrently) (*see* U.S.S.G. § 5G1.3), he has been punished twice for the same action.

Mr. Hudson didn't raise this as an objection during the sentencing process and didn't raise this claim on direct appeal. Section 2255 requires a petitioner show that his sentence is in violation of the constitution or laws of the United States, and this is a bar much higher than just showing that the court made a mistake. *See, e.g.* Narvaez v. United States, 674 F.3d 621, 627 (7th Cir. 2011) ("We have recognized that sentencing errors are generally not cognizable on collateral review, especially when such errors can be raised on direct appeal."); Scott v. United States, 997 F.2d 340, 342–43 (7th Cir. 1993) ("Persons who believe that district judges have not enforced all of their rights must appeal; having bypassed that opportunity they may not demand belated review."). The court needn't address whether Mr. Hudson has properly alleged a constitutional error because he hasn't shown any error at all.

Mr. Hudson misreads the court's guidelines calculations when he claims that the four-level enhancement for committing the felon-in-possession crime in conjunction with another felony is double-counting his state crime. When the court assessed four levels for possessing the firearms in connection with another felony, the other felony was the sale of the stolen firearms (that is, the charge in count 2), not the theft charge, which then pended in state court. In many cases, a court finds relevant conduct applicable when the conduct has been charged in another court, hasn't been charged at all, or even when the defendant has been acquitted. United States v. Valenti, 121 F.3d 327, 334 (7th Cir. 1997) ("It is well established that in determining a defendant's sentence a court may consider a broad range of information, including uncharged crimes, crimes where charges have been dismissed, and crimes for which the defendant has been acquitted."). In Mr. Hudson's case, the court didn't need to put the theft of the guns into one of those categories; it found he possessed the firearms as a felon in conjunction with the crime to which he pleaded guilty: possessing stolen firearms. Mr. Hudson pleaded guilty to that relevant conduct, namely count 2. The court grouped the two charges, U.S.S.G. § 3D1.2(d), started with the base offense level for felon in possession and added (among other findings) the four levels for the count 2 conduct.

Mr. Hudson says that he was punished twice when the court added those four levels and two more levels because the firearms he possessed as a felon were stolen and he separately faced a later state court charge for stealing those same guns. Mr. Hudson is correct that the court didn't order the federal

sentence to be concurrent to a possible future state sentence and that the court didn't reduce the federal sentence in anticipation of the state sentence as § 5G1.3 allows. *See also* 18 U.S.C. § 3584 (defining the court's power in issuing concurrent and consecutive sentences). Guidelines section 5G1.3 only recommends the adjustment or concurrent sentence where the court used the separately sentenced state crime as relevant conduct to enhance the federal sentence, which wasn't what happened here. The Indiana crimes of burglary, theft, and trespass are different from the federal crimes of felon in possession and possession of stolen guns. Furthermore, Mr. Hudson hasn't pointed out exactly where the court erred. When the court sentenced Mr. Hudson, the Indiana court hadn't yet convicted him or sentenced him for the theft of the weapons. At that moment, there was no state sentence that the court could take into account under U.S.S.G. § 5G1.3's instruction. The court's decision at the time lacked any error. Setser v. United States, 132 S.Ct. 1463, 1472 (2012) ("The reasonableness standard we apply in reviewing federal sentences asks whether the district court abused its discretion." (*citing* Gall v. United States, 552 U.S. 38, 45-46 (2007)). The district court's sentence is examined for a flaw at the time it was issued, even if some later event sheds a different light on it. Setser v. United States, 132 S.Ct. at 1473.

Mr. Hudson points out that, in a footnote in Setser v. United States, the Supreme Court said, "Of course, a district court should exercise the power to impose anticipatory consecutive (or concurrent) sentences intelligently. In some situations, a district court may have inadequate information and may forbear,

-4-

but in other situations, that will not be the case." 132 S.Ct. at 1472, n.6. This court noted in Mr. Hudson's sentencing memorandum that, "Mr. Hudson faces charges in Cass County, Indiana, for burglary, theft, and trespass." In other words, the court anticipated that Mr. Hudson could face a separate sentence for the "day one" crimes, but the court didn't otherwise weigh in on whether the resulting state sentence should be served consecutively or concurrently just because the court knew state charges were pending. Without knowing whether Mr. Hudson would be convicted in the state court or what factors the state court would use in sentencing him, an opinion on whether the sentences were to be concurrent or consecutive was premature. The court had inadequate information and forbore. *See* Setser v. United States, 132 S.Ct. at 1472, n.6.

Mr. Hudson has shown no error, constitutional or not, in this court's assessment of a sentence while state charges pended. In Stetser v. United States, 132 S.Ct. at 1473, the Supreme Court upheld a district court's decision to make the federal sentence consecutive to a future, anticipated state court sentence. This court didn't even go that far, leaving open the state court's discretion whether it wanted to take into account the federal sentence when it later handed down Mr. Hudson's state sentence for the crimes he committed the day before he committed the federal crimes.

The court has the authority to screen Mr. Hudson's filing to see if it contains an actionable claim. RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 4(b) and 5(a). Mr. Hudson hasn't shown an

error in the court's sentence calculation. A response from the government is unnecessary; the court can address the claim summarily.

Mr. Hudson's claim that the court improperly calculated his guidelines range is DENIED because it doesn't state a constitutional error addressable under 28 U.S.C. § 2255.

SO ORDERED.

ENTERED: August 7, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court